UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEITH MENARD | § | CIVIL ACTION NO. 2:14-cv-2443 |
| | § | |
| VERSUS | § | |
| | § | SECTION "S" (4) |
| QUEST DIAGNOSTICS CLINICAL | § | |
| LABORATORIES, INC. d/b/a | § | |
| QUEST DIAGNOSTICS, INC., INDUSTRIAL | § | JUDGE M. LEMMON |
| MEDICAL TESTING, L.L.C. and | § | |
| EXAMINATION MANAGEMENT | § | |
| SERVICES, INC. | § | MAGISTRATE K. ROBY |

## ORIGINAL ANSWER OF DEFENDANT LABONE, INC. D/B/A QUEST DIAGNOSTICS

Comes now Defendant LabOne, Inc. d/b/a Quest Diagnostics ("Quest Diagnostics") (incorrectly named and served as Quest Diagnostics Clinical Laboratories, Inc.), by its attorneys, and files its Original Answer to Plaintiff's Petition for Damages, and would show this Court as follows:

1. The averments of the Preamble of Plaintiff's Petition for Damages ("Plaintiff's Petition") do not require Quest Diagnostics to either admit or deny.

2. With regard to the averments in Paragraph I of Plaintiff's Petition, Quest Diagnostics denies that Quest Diagnostics Clinical Laboratories, Inc. is the Quest Diagnostics entity that tested the urine and hair specimens identified as having been submitted by Plaintiff Keith Menard and made the basis of this lawsuit. LabOne, Inc. d/b/a Quest Diagnostics tested the hair and urine specimens identified as having been submitted by Plaintiff Keith Menard at issue in this lawsuit. Quest Diagnostics denies that it is liable to Plaintiff jointly and/or *in solido* for any alleged conduct forming the basis of Plaintiff's claims against it. The remaining

averments in Paragraph I of Plaintiff's Petition are directed to defendants other than answering defendant, and therefore no response by Quest Diagnostics is required.

3. With regard to the averments in Paragraph II of Plaintiff's Petition, Quest Diagnostics admits that venue was proper in the 24th Judicial District for the Parish of Jefferson, Louisiana.

4. The allegations contained within Paragraph III of Plaintiff's Petition are denied for a lack of information to justify a belief therein.

5. The allegations contained within Paragraph IV of Plaintiff's Petition are denied for a lack of information to justify a belief therein.

6. The allegations contained within Paragraph V of Plaintiff's Petition are denied for a lack of information to justify a belief therein.

7. With regard to the averments in Paragraph VI of Plaintiff's Petition, Quest Diagnostics admits that on January 31, 2014 it received a urine specimen identified by specimen identification no. ("SID") 3537411 that has been identified by third-parties has having been submitted for testing by Plaintiff Keith Menard ("Menard's urine specimen"). Quest Diagnostics further admits that on January 31, 2014 it received a hair specimen identified by SID 9522180 that has been identified by third-parties has having been submitted for testing by Plaintiff Keith Menard. ("Menard's hair specimen"). Quest Diagnostics's Lenexa, Kansas laboratory tested both specimens. The external chain of custody forms accompanying the specimens indicate that both specimens were collected by co-defendant Examination Management Services, Inc. on January 29, 2014. Co-defendant Industrial Medical Testing, L.L.C. was the Medical Review Officer ("MRO") organization designated by the employer to receive Menard's urine and hair specimen laboratory test results.

8. With regard to the averments in Paragraph VII of Plaintiff's Petition, Quest Diagnostics admits Menard's urine specimen screened negative for the panel of drugs of abuse for which it was tested. Quest Diagnostics further admits it discarded Menard's urine specimen in the normal course of business after Menard's urine specimen screened negative for the panel of drugs of abuse for which it was tested.

9. With regard to the averments in Paragraph VIII of Plaintiff's Petition, Quest Diagnostics admits Menard's hair specimen screened presumptively positive for the presence of marijuana and that confirmation testing of a separate portion of Menard's hair specimen by gas chromatography/mass spectrometry confirmed the presence of marijuana metabolite in Menard's hair specimen above the designated cut-off level.

10. The allegations contained within Paragraph IX of Plaintiff's Petition are denied for a lack of information to justify a belief therein.

11. With regard to the averments in Paragraph X of Plaintiff's Petition, Quest Diagnostics denies any allegations that Quest Diagnostics was negligent in any respect, including its handling, testing, or results reporting for Menard's urine or hair specimens. To the extent Plaintiff's averments in Paragraph X of Plaintiff's Petition are directed to conduct of defendants other than answering defendant, no response by Quest Diagnostics is required.

12. Quest Diagnostics denies the averments in Paragraph XI of Plaintiff's Petition.

13. The averments of Paragraph XII of Plaintiff's Petition do not require Quest Diagnostics to either admit or deny.

**AFFIRMATIVE DEFENSES**

14.     Quest Diagnostics affirmatively pleads that it owes no duty to Plaintiff.

15.     Quest Diagnostics affirmatively pleads that Plaintiff has failed to state claims upon which relief may be granted.

16.     Quest Diagnostics affirmatively pleads that Plaintiff has failed to allege facts sufficient to establish causation.

17.     Quest Diagnostics affirmatively pleads that Plaintiff consented to the drug test and any subsequent publication of the test results.

18.     Quest Diagnostics affirmatively pleads the affirmative defense of truth.

19.     Quest Diagnostics affirmatively pleads that its laboratory report is conditionally or qualifiedly privileged.

20.     Quest Diagnostics affirmatively pleads that the negligence of third parties over whom it had no control were the sole producing cause of Plaintiff's alleged injuries, if any injuries occurred.

21.     Quest Diagnostics affirmatively pleads that Plaintiff has failed to mitigate damages.

22.     Quest Diagnostics reserves the right to amend this answer.

WHREERFORE, PREMISES CONSIDERED, defendant Quest Diagnostics Prays that Plaintiff's Petition be dismissed as to Plaintiff's claims against Quest Diagnostics, that Plaintiff recover nothing from Quest Diagnostics, that this Court enter judgment in favor of Quest Diagnostics, and that Quest Diagnostics recover all costs of court and such and other further relief, both general and specific, at law and in equity, as is just and reasonable.

Respectfully submitted,

**FRILOT LLC**

 _/s/ Kerry J. Miller_
KERRY J. MILLER (#24562), T.A.
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone:	(504) 599-8000
Facsimile:	(504) 599-8145
Email:	kmiller@frilot.com

*Attorney for Defendant LabOne, Inc. d/b/a Quest Diagnostics*

### CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2014, I electronically filed the foregoing document by using the CM/ECF, which will send a notice of electronic filing to all registered counsel of record.  I further certify that I served a copy of the foregoing document on the following parties via electronic mail.

Robert S. Reich
Barbara L. Bossetta
**Reich, Album & Plunkett, L.L.C.**
Two Lakeway, Suite 1000
3850 North Causeway Boulevard
Metairie, LA  70002
Email:  rreich@rapllclaw.com
**Counsel for Plaintiff**

Kay B. Baxter
**Swetman Baxter Massenburg, LLC**
650 Poydras Street, Suite 2400
New Orleans, LA  70130
Email:  kbaxter@sbm-legal.com
**Counsel for Examination Management Services, Inc.**

Brent A. Talbot
**Chaffe McCall, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163
Email:  talbot@chaffe.com
**Counsel for Industrial Medical Testing**

 */s/ Kerry J. Miller*
    KERRY J. MILLER

5