UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEITH MENARD,** | § | NO.  2:14-cv-02443-MVL-KWR |
| | § | |
| Plaintiff, | § | (Jefferson Parish No.  742159) |
| | § | |
| **VERSES** | § | |
| | § | JUDGE MARY ANN VIAL LEMMON |
| **QUEST DIAGNOSTICS CLINICAL** | § | |
| **LABORATORIES, INC. ET AL.,** | § | |
| | § | MAGISTRATE JUDGE: |
| Defendants. | § | KAREN WELLS ROBY |
| | § | |
| § § § § § § § § § § § § § § § § § § § § | § | |

### ORIGINAL ANSWER OF DEFENDANT EXAMINATION MANAGEMENT SERVICES, INC.

**NOW INTO COURT**, through undersigned counsel, comes defendant, Examination Management Services, Inc. (hereinafter referred to as "EMSI), to file its Original Answer to Plaintiff's Petition for Damages, and would show this Court as follows:

1. The allegations set forth in the Preamble of Plaintiff's Petition for Damages ("Plaintiff's Petition") do not require EMSI to either admit or deny.

2. EMSI denies the allegations in Paragraph I of Plaintiff's Petition. Although EMSI admits to being a non-Louisiana business corporation domiciled in the state of Nevada that is authorized to do and currently does business in the State of Louisiana, EMSI denies that it is liable to Plaintiff jointly and/or *in solido* for any alleged conduct Plaintiff claims EMSI has committed or is responsible for in Plaintiff's Petition.

- 1 -

3. EMSI admits to the averments found in Paragraph II of Plaintiff's Petition.

4. The allegations set forth in Paragraph III of Plaintiff's Petition do not require a response from this Defendant. However, these allegations are denied for lack of sufficient knowledge or information to reasonably justify a belief as to the truth of the allegations of fact contained therein.

5. The allegations set forth in Paragraph IV of Plaintiff's Petition are denied for lack of sufficient knowledge or information to reasonably justify a belief as to the truth of the allegations of fact contained therein.

6. The allegations set forth in Paragraph V of Plaintiff's Petition are denied in part and admitted in part. The allegations as to EDG, Inc. are denied for lack of sufficient knowledge or information to reasonably justify a belief as to the truth of the allegations of fact contained therein. The allegations as to a urine sample and hair sample being collected by EMSI in Metairie, Louisiana on January 29, 2014 are admitted.

7. The allegations set forth in Paragraph VI of Plaintiff's Petition are denied in part and admitted in part. The allegations as to Industrial Medical Testing, L.L.C., are denied for lack of sufficient knowledge or information to reasonably justify a belief as to the truth of the allegations of fact contained therein. The allegations as to Quest Diagnostics, Inc., are admitted.

8. The allegations set forth in Paragraph VII of Plaintiff's Petition are denied for lack of sufficient knowledge or information to reasonably justify a belief as to the truth of the allegations of fact contained therein.

9. The allegations set forth in Paragraph VIII of Plaintiff's Petition are denied for lack of sufficient knowledge or information to reasonably justify a belief as to the truth of the allegations of fact contained therein.

10. The allegations set forth in Paragraph IX of Plaintiff's Petition are denied for lack of sufficient knowledge or information to reasonably justify a belief as to the truth of the allegations of fact contained therein.

11. The allegations contained in Paragraph X of Plaintiff's Petition are denied as to this defendant.

12. The allegations contained in Paragraph XI of Plaintiff's Petition are denied as to this defendant, including any and all subparts, are denied as to this defendant.

13. The statements set forth in Paragraph XII of Plaintiff's Petition do not require EMSI either to admit or deny. Furthermore, EMSI denies that Plaintiff is entitled to judgment against it, individually, jointly, severally and/ or *in solido* in any amount whatsoever. EMSI further denies that Plaintiff is entitled to any relief as against EMSI.

## AFFIRMATIVE DEFENSES

14. EMSI affirmatively pleads that it owes no duty to Plaintiff.

15. EMSI affirmatively pleads that Plaintiff fails to state any claims upon which relief may be granted.

16. EMSI affirmatively pleads that Plaintiff lacks evidence to establish sufficient causation under the facts alleged in Plaintiff's Petition.

17. EMSI affirmatively pleads that Plaintiff consented to a drug test and that the results of the drug test were to be shared with his potential employer.

18. EMSI affirmatively pleads the affirmative defense of truth.

19. EMSI affirmatively pleads that its laboratory report is conditionally or qualifiedly privileged.

20. EMSI affirmatively pleads that the negligence or wrong doing of persons or entities other than EMSI led to Plaintiff's injuries, and that these persons or entities are the sole and proximate cause of the injuries alleged in Plaintiff's Petition for Damages.

21. EMSI affirmatively pleads that Plaintiff made no attempt to mitigate his damages.

22. EMSI reserves the right to amend this answer.

**WHEREFORE**, defendant, EMSI, prays that after due proceedings be had, there be judgment rendered herein in its favor and against Plaintiff, dismissing EMSI at Plaintiff's cost and with prejudice.

**FURTHER**, EMSI prays that its answer be deemed good and sufficient, and after due proceedings, there be a judgment in its favor dismissing all claims asserted herein against it, with prejudice.

Respectfully submitted,

**SWETMAN BAXTER MASSENBURG, LLC**

By: /s/ *Kay B. Baxter*

KAY B. BAXTER (LSBA No. 22938)
GLENN L. M. SWETMAN (LSBA No. 21904)
CHRISTOPHER O. MASSENBURG (LSBA No. 26989)

650 Poydras Street, Suite 2400
New Orleans, Louisiana 70130
Telephone: (504) 799-0500
Facsimile:  (504) 799-0501

**ATTORNEYS FOR EXAMINATION MANAGEMENT SERVICES, INC.**

- 5 -

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that the above and foregoing was electronically filed with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, on this 4th day of November, 2014.

Robert S. Reich
Barbara L. Bossetta
**Reich, Album & Plunkett, L.L.C.**
Two Lakeway, Suite 1000
3850 North Causeway Boulevard
Metairie, LA 70002
Email: rreich@rapllclaw.com
**Counsel for Plaintiff**

Brent A. Talbot
**Chaffe McCall, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Email: Talbot@chaffe.com
**Counsel for Industrial Medical Testing**

Kerry J. Miller
**Kerry J. Miller, T.A.**
Suite 3700
1100 Poydras Street
New Orleans, LA 70163
Email: kmiller@frilot.com
**Counsel for LabOne, Inc. d/b/a Quest Diagnostics**

          /s/  *Kay B. Baxter*
          **KAY B. BAXTER**