# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH MENARD | § NO. 2:14-cv-02443-MVL-KWR |
| Plaintiff, | § |
| v. | § JUDGE MARY ANN VIAL LEMMON |
| QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. d/b/a QUEST DIAGNOSTICS, INC., INDUSTRIAL MEDICAL TESTING, L.L.C. and EXAMINATION MANAGEMENT SERVICES, INC. | § MAG. JUDGE KAREN WELLS ROBY |
| Defendants. | § |

## INDUSTRIAL MEDICAL TESTING, L.L.C.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Industrial Medical Testing, L.L.C. ("IMT") responds to Plaintiff's Petition for Damages ("Plaintiff's Petition") filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana, and removed to this Court, as follows:

1. The allegations set forth in the opening paragraph of Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

2. IMT denies the allegations that do not apply to it in paragraph I of Plaintiff's Petition for a lack of sufficient information to justify a belief therein. IMT admits that it is a Florida limited liability company but denies the remaining allegations concerning it. IMT specifically denies that it is liable to Plaintiff.

3. Paragraph II of Plaintiff's Petition sets forth a legal conclusion and does not require a response by IMT. To the extent a response is required, IMT denies the allegations as written.

2386427-1

4. The allegations contained in paragraph III of Plaintiff's Petition do not pertain to IMT. To the extent a response is required, IMT denies the allegations for lack of sufficient information to justify a belief therein.

5. The allegations contained in paragraph IV of Plaintiff's Petition do not pertain to IMT. To the extent a response is required, IMT denies the allegations for lack of sufficient information to justify a belief therein.

6. IMT denies the allegations in paragraph V of Plaintiff's Petition for lack of sufficient information to justify a belief therein.

7. IMT denies the allegations in paragraph VI of Plaintiff's Petition as to IMT and that it ever was sent or received "samples" related to plaintiff. In addition, IMT denies the remaining allegations in paragraph VI for lack of sufficient information to justify a belief therein.

8. IMT denies the allegations in paragraph VII of Plaintiff's Petition for lack of sufficient information to justify a belief therein.

9. IMT denies the allegations in paragraph VIII of Plaintiff's Petition for lack of sufficient information to justify a belief therein, except to admit that IMT received a report of a positive test result related to the plaintiff.

10. IMT denies the allegations as written in paragraph IX of Plaintiff's Petition for lack of sufficient information to justify a belief therein.

11. IMT denies the allegations in paragraph X of Plaintiff's Petition.

12. IMT denies the allegations in paragraph XI of Plaintiff's Petition, including subparts (1) through (5).

13. The allegations in paragraph XII of Plaintiff's Petition do not require IMT to either admit or deny.

14. The allegations of the Prayer of Plaintiff's Petition are denied, and IMT denies any other allegations in the Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

15. IMT affirmatively pleads that it owes no duty to Plaintiff.

16. IMT affirmatively pleads that Plaintiff has failed to a state claim for which relief may be granted.

17. IMT affirmatively pleads the defense of truth.

18. IMT affirmatively pleads that Plaintiff consented to all procedures and communications related to the drug test and any subsequent publication of the drug test results and has purposely through this lawsuit published the drug test results.

19. IMT affirmatively pleads that it has an absolute privilege or qualified privilege.

20. IMT affirmatively pleads that the negligence, reckless conduct, or intentional conduct of Plaintiff or third parties over which IMT had no control was the sole and proximate cause of Plaintiff's alleged injuries, if any injuries occurred.

21. IMT affirmatively pleads that it at no time collected, had management and/or control of, or analyzed Plaintiff's specimens.

22. IMT affirmatively pleads that Plaintiff may have failed to mitigate damages.

23. IMT reserves the right to amend this Answer.

24. IMT affirmatively pleads that Plaintiff may have failed to join parties necessary for a proper judication of this action.

25. Part or all of plaintiff's claims may be preempted or barred by state and/or federal regulations related to drug testing.

WHEREFORE, Industrial Medical Testing, L.L.C., a defendant, prays that, after due proceedings are had, all claims asserted against Industrial Medical Testing, L.L.C. be dismissed with prejudice, this Court enter a judgment in favor of Industrial Medical Testing, L.L.C. and against Plaintiff, and Industrial Medical Testing, L.L.C. recover all costs of court and any such other and further relief to which it is shown to be entitled.

Respectfully submitted,

/s/ Brent A. Talbot
BRENT A. TALBOT (#19174), T.A.
NICOLE C. KATZ (#35857)
         -of-
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax:  (504) 544-6095
E-mail: talbot@chaffe.com
**Attorneys for Industrial Medical Testing, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of January, 2015, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management.  All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

/s/ Brent A. Talbot