UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH MENARD | CIVIL ACTION NO.  2:14-cv-02443 |
| | SECTION:  "S" (4) |
| VERSES | |
| | JUDGE MARY ANN VIAL LEMMON |
| QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. ET AL. | MAGISTRATE JUDGE ROBY |

**MEMORANDUM IN SUPPORT OF EXAMINATION MANAGEMENT SERVICES, INC.'S MOTION TO QUASH PLAINTIFF KEITH MENARD'S MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S HAIR SAMPLE FOR DNA TESTING**

MAY IT PLEASE THE COURT:

Examination Management Services, Inc. (hereinafter referred to as "EMSI") submits this memorandum in support of its Motion to Quash Plaintiff's Motion to Compel Production of Plaintiff's Hair Sample for DNA Testing (Rec. Doc. 20).

**I.   BACKGROUND**

Plaintiff filed this lawsuit alleging that EMSI negligently collected, stored and/or labeled Plaintiff's hair specimen and that co-Defendant, LabOne, Inc. d/b/a Quest Diagnostics (hereinafter referred to as "Quest"), negligently tested Plaintiff's hair specimen. (Complaint, p. 2). Plaintiff and Quest are now in a discovery dispute which resulted in Plaintiff's Motion to Compel Production of Plaintiff's Hair Sample for DNA. While EMSI does not take a position on the sufficiency of discovery between Plaintiff and Quest, EMSI does want the Court to be aware

1

of the ramifications of a ruling in favor of destructive testing and the potential prejudice to EMSI. Quest has already opposed Plaintiff's Motion to Compel and EMSI hereby adopts and joins in Quest's argument that Plaintiff has not met the requisite high burden for destructive drug testing. (<u>Plaintiff's Motion to Compel Production of Plaintiff's Hair Specimen for DNA Testing ("Motion to Compel")</u>).

In the Motion to Compel, Plaintiff alleges that EMSI corrupted the chain of custody by "misidentifying the hair specimen of another individual as Plaintiff's and sending that incorrectly identified sample for testing in lieu of Plaintiff's" to Quest. (<u>Motion to Compel</u>, p. 1-2). As Plaintiff now seeks to perform DNA identity testing on the remaining hair specimen presently in the custody of Quest, EMSI files this Motion to Quash because it has a vested interest in the outcome of this issue and the Court's decision will significantly impact EMSI's ability defend itself.

It is EMSI's position that the issue of DNA identity testing is moot because Plaintiff certified in writing that Plaintiff's own hair was collected by EMSI, sealed in his presence in the collection envelope and forwarded to Quest for testing. (<u>Signed and Initialed Certifications by Plaintiff ("Certifications")</u>, Quest 62, 126 & 150, attached as Exhibit A). Plaintiff affixed his signature to the hair specimen collection form and his initials to both the hair specimen collection envelope and its tamper-evident seal. *Id*. Quest's records reflect that the external chain of custody form accompanying Plaintiff's hair specimen was properly completed and that the hair specimen was received with the seal intact. (<u>Affidavit of R.H. Barry Sample, Ph.D. ("Sample Affidavit")</u>, ¶ 4, attached as Exhibit B). However, if this Honorable Court should

2

determine that destructive testing on Plaintiff's remaining hair specimen is to be performed, EMSI needs to be afforded a meaningful opportunity to be heard by this Court before it rules because re-testing the hair specimen for marijuana metabolite would destroy evidence of EMSI's defense that the hair specimen provided to Quest for testing was in fact Plaintiff's hair and, therefore, would prejudice EMSI's ability to defend itself.

## II. ARGUMENT

### A. Only One Test Can be Done on The Remaining Specimen: Drug Testing or DNA

Re-testing the remaining hair specimen for marijuana metabolite and performing DNA identity testing are both forms of destructive testing. (Sample Affidavit, ¶ 10). As only slightly more than 10 mg of Plaintiff's hair specimen remains, this remaining quantity is sufficient for either a re-test for marijuana metabolite or DNA identity testing, but not both. *Id*. If the Court allows re-testing for marijuana metabolite of Plaintiff's hair specimen, all remaining physical evidence will be destroyed and no DNA identity testing will be possible. Conversely, if the Court allows DNA identity testing on the remaining portion of Plaintiff's hair specimen, all remaining physical evidence will be destroyed and no re-test for marijuana metabolite will be possible.

### B. Destructive Drug Testing of The Hair Specimen is Prejudicial to EMSI

While DNA identity testing could conclusively refute Plaintiff's negligent collection, storage and labeling claims against EMSI, as stated supra, EMSI contends that this is a moot point. Plaintiff, by affixing his own signature to the hair specimen collection form and his initials to both the hair specimen collection envelope and its tamper-evident seal, certified in writing that

Plaintiff's own hair was collected by EMSI, sealed in his presence in the collection envelope and forwarded to Quest for testing. (Certifications). Additionally, Quest verified the seal of the hair specimen was intact upon its arrival at Quest's testing facility. (Sample Affidavit, ¶ 4). Plaintiff's speculative allegations that the hair specimen of another individual was misidentified as Plaintiff's and sent by EMSI to Quest for drug testing are not sufficient to warrant the destructive testing of the only remaining hair specimen. (Motion to Compel, p. 2). Plaintiff's allegations against EMSI should carry no weight in light of the aforementioned evidence. If this Honorable Court should determine that destructive testing on Plaintiff's remaining hair specimen is to be performed, EMSI needs to be afforded a meaningful opportunity to be heard by this Court, because re-resting for marijuana metabolite would destroy evidence of EMSI's defense that the hair specimen provided to Quest for testing was in fact Plaintiff's hair. Destructive testing of the remaining portion of Plaintiff's hair specimen for controlled substances would prejudice EMSI's ability to defend itself against Plaintiff's claims.

**III.   Conclusion**

A re-test of Plaintiff's remaining hair specimen for marijuana metabolite is a destructive test that would preclude DNA identity testing and is therefore prejudicial to EMSI and its defense in this matter.

         Respectfully submitted:

         **COSMICH, SIMMONS & BROWN, PLLC**

         /s/ *Kay B. Baxter*

By: _____

         Kay B. Baxter (LSBA No. 22938)
         Georgia Noble Ainsworth (LSBA No. 35022)
         Ashley Armour Edwards (LSBA No. 35470)
         Margaret Adams Casey (LSBA No. 22918)
         M. James Dempsey (LSBA No. 28822)
         650 Poydras Street, Suite 1530
         New Orleans, Louisiana 70130
         Telephone: (504) 262-0040
         Facsimile:   (504) 262-0041
         Email:  kay@cs-law.com
         *Attorneys for*
         *Examination Management Services, Inc.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that the above and foregoing was electronically filed with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, on this 26th day of May, 2015.

         /s/ *Kay B. Baxter*
         **KAY B. BAXTER**